IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN D. ROUSH, JR, <br><br> Plaintiff, <br><br> v. <br><br> GARY C. HORNER *Individually, as attorney for the Estate of Mary Chalkey, and as an attorney with the law firm Spence, Custer, Saylor, Wolfe and Rose, and as guardian ad litem for Mary Chalkey,* MARY CHALKEY *deceased, now* THE ESTATE OF MARY CHALKEY *also known as* MARY MATULA, THE ESTATE OF MARY CHALKEY, <br><br> Defendants. | Civil Action No. 06-263 |

## MEMORANDUM ORDER

CONTI, District Judge

Pending before this court is the motion (Doc. No. 25) of defendants Gary Horner ("Horner") and the Estate of Mary Chalkey (collectively "defendants") to dismiss the amended complaint filed by Franklin D. Roush, Jr. ("Roush" or "plaintiff"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue, *inter alia*, that the complaint must be dismissed under Rule 12(b)(1) because the court does not have subject-matter jurisdiction over the case. In response, plaintiff rejoins that the court has subject-matter jurisdiction by reason of his claims arising under the Fifth and Fourteenth Amendments of the United States Constitution. Plaintiff essentially attempts to relitigate issues he previously raised in a prior case, civil action number 05-447 (the "prior case"), which was filed by plaintiff in this court against the same defendants. This court dismissed the prior case for lack of subject-mater

jurisdiction for the reasons set forth in its memorandum order dated September 22, 2006. (Civil Action No. 05-447, Doc. No. 45). Plaintiff in the prior case raised essentially the same claims being asserted in this case. The court concludes it lacks subject-matter jurisdiction over this case and will dismiss plaintiff's amended complaint. Defendants' other arguments are moot as a result of the determination that this court does not have subject-matter jurisdiction over the case.

## *Factual Background*

The following statement of facts is taken from plaintiff's second amended complaint ("complaint") as well as from plaintiff's complaint in the prior case.[1] On December 4, 1995, plaintiff purchased a tract of land from Mary Chalkey ("Chalkey") for $76,000. Chalkey, however, continued to live on the land until July 29, 1997, when an electrical fire burned down the house. On October 7, 1997, Chalkey initiated an action in equity to void plaintiff's deed in the Court of Common Pleas of Cambria County, Pennsylvania. The court of common pleas granted a temporary injunction against plaintiff related to the subject property. Following an initial hearing, the trial court continued the injunction pending the outcome of a trial on the merits. The state trial court also appointed Horner as Chalkey's guardian ad litem and counsel. Plaintiff contends that during the hearing related to the preliminary injunction, the state trial court acted as an adversary and refused plaintiff the opportunity to question witnesses and to testify on

---

[1]The facts in this case are essentially similar to the facts set forth in plaintiff's complaint filed in the prior case and in defendants' chronology of events and supporting documents (Civil Action No. 05-447, Doc. No. 41) and plaintiff's response and supporting documents to defendants' chronology of events (Id., Doc. No. 44). To the extent there are relevant facts alleged which relate to time frames after this court's decision in the prior case, they will be addressed.

his behalf. Plaintiff argues that the state trial court's actions were in violation of his due process rights guaranteed by the Fourteenth Amendment of the Constitution of the United States.

On July 13, 1998, the state trial court conducted a trial on the merits. Chalkey, whose estate is a defendant in this case, presented no evidence during this trial. Plaintiff, therefore, made a motion to dismiss the matter which was denied by the state trial court. Following the state trial court's ruling on the motion to dismiss, plaintiff called one witness who briefly testified on plaintiff's behalf. Upon completion of the testimony, the state trial court incorporated the record from the prior preliminary injunction hearing. Plaintiff made a second motion to dismiss, which also was denied by the state trial court. Subsequently, on August 11, 1998, the state trial court found in Chalkey's favor and held that the conveyance of the subject land was null and void.

Upon receiving the state trial court's opinion, plaintiff's attorney did not file a post-trial motion, but instead filed a notice of appeal on September 8, 1998. Following the filing of the notice of appeal, the state trial court directed plaintiff to file a concise statement of matters complained of on appeal. Pursuant to the state trial court's order, plaintiff provided a statement for the court's review. The statement of matters complained of alleged the following judicial errors: (a) no evidence of a confidential relationship; (b) placing the burden on Roush to prove that the sale of the property in question was fair under all of the circumstances; © the comparison of potential sale prices of the property; (d) the state trial court's findings of fact were tainted as a result of the judge having been advised of settlement discussions and potential offers to purchase the property which post-dated the time of sale; and (e) failure to grant Roush's motion to dismiss

and incorporation of prior testimony. On April 21, 1999, the Superior Court of Pennsylvania affirmed the trial court's decision.

Following the superior court's ruling, plaintiff filed an application for reargument with the Superior Court of Pennsylvania, which was granted on June 25, 1999. More than one year later, on August 7, 2000, the superior court vacated the state trial court's order and remanded the matter to the Court of Common Pleas of Cambria County, Pennsylvania so that the state trial court could determine whether the *sua sponte* incorporation of evidence presented at the earlier preliminary injunction hearing during the trial on the merits was error.

As a result of the superior court's ruling, Chalkey filed a petition for allowance of appeal in the Supreme Court of Pennsylvania. The Pennsylvania Supreme Court granted the petition and later held that the matter should be remanded to the state trial court for the filing of post-trial motions and the issuance of a *decree nisi*.

While before the state trial court for the second time, plaintiff identified six issues in his exceptions and motions for post-trial relief. The issues included: (1) the state trial court should have granted the first motion to dismiss made by plaintiff; (2) the state trial court erroneously *sua sponte* incorporated evidence from a prior injunction hearing into a hearing on the merits; (3) after the incorporation of evidence, plaintiff's second motion to dismiss should have been granted as Chalkey failed to meet her burden of proof; (4) the state trial court improperly placed the burden on plaintiff to demonstrate that the sale of property was fair; (5) the state trial court erroneously found a confidential relationship; and (6) the state trial court erroneously considered other offers for the property. In response to plaintiff's exceptions and motions for post-trial

relief, the state trial court incorporated into the record its earlier August 11, 1998 opinion and order.

Following the state trial court's ruling, plaintiff learned of a preexisting conflict of interest between the state trial court judge and Chalkey's attorney, defendant Horner. Plaintiff learned that the state trial court judge had retained Horner to represent the judge in an unrelated estate matter. Although the representation occurred in August 2001, some three years after the state trial court's August 11, 1998 Opinion and Order related to the equity matter, plaintiff filed a motion to recuse the judge from the case. After some consideration the judge granted the motion and was permanently recused from the case. The matter was transferred to another state court judge. That state court judge considered the matter and dismissed plaintiff's motion for post-trial relief and affirmed the *decree nisi* entered by the prior judge.

On June 12, 2003, plaintiff again filed a notice of appeal to the Superior Court of Pennsylvania. Plaintiff was directed to file a concise statement of matters complained of on appeal. Plaintiff identified the same issues as he had during his earlier appeals with the state trial and appellate courts. The state trial court issued an opinion and order finding that the issues raised by plaintiff had been adequately addressed in the order dismissing plaintiff's motion for post-trial relief.

Plaintiff filed timely appeals with both the Superior Court of Pennsylvania and the Supreme Court of Pennsylvania. The superior court affirmed the trial court's decision and the supreme court denied plaintiff's petition for allowance of appeal.

After plaintiff exhausted his state court appeals, he filed a petition for writ of certiorari to the Supreme Court of the United States. In his petition, plaintiff identified three issues for the

Supreme Court to consider. The issues were whether violations of due process occurred under the Fifth and Fourteenth Amendments of the Constitution of the United States where: (a) a state trial court judge concealed his business relationship with the counsel for an opposing party; (b) the state trial judge, without notice, *sua sponte* incorporated testimony of a prior preliminary injunction hearing into a hearing on the merits; and (c) the Superior Court of Pennsylvania determined that the state trial court's denial of plaintiff's first motion to dismiss was proper. The Supreme Court of the United States denied plaintiff's petition for writ of certiorari and his subsequent petition for rehearing.

Following his unsuccessful attempts with the Pennsylvania state courts and the Supreme Court of the United States, plaintiff filed a complaint in this court in the prior case. Plaintiff's complaint alleged numerous violations of his Fifth and Fourteenth Amendment rights. Each of the alleged violations stemmed from the equity action, which was fully litigated in the Pennsylvania state courts prior to the filing of this federal court action. This court dismissed the complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) in a Memorandum Order filed on September, 22, 2006, and thereafter denied the plaintiff's subsequent Motion for Reconsideration.

During the course of plaintiff's appeals, the real estate in question was sold to an unrelated third party for $1,600,000. Plaintiff and defendants entered into an escrow agreement, allowing the property to be transferred to the third party and the funds placed in an escrow account until the "final resolution of the suit." On March 2, 2007, determining all of plaintiff's appeals to be exhausted, defendants' counsel requested the payment of the escrow. After plaintiff refused to permit the payment, defendant's counsel filed a Petition for Release of

Escrowed Funds in the Court of Common Pleas of Cambria County, Pennsylvania's Orphan's Court Division. The state trial court issued an Opinion and Order dated March 29, 2007 releasing the escrowed funds to the Estate of Mary Chalkey.

Plaintiff filed the instant case in this court on December 12, 2006 and filed an amended complaint on April 24, 2007, allegedly proffering further evidence in support of his allegations of Fifth Amendment and Fourteenth Amendment violations against defendants. Defendants filed the motion to dismiss at issue contending, inter alia, that this court lacks subject-matter jurisdiction over plaintiff's claims in the current action by reason of the applicability of the Rooker-Feldman doctrine. The Rooker-Feldman doctrine was the same basis on which this court previously concluded in its Memorandum Order dated September 22, 2006, that it lacked subject-matter jurisdiction over the prior case. Defendants also argue that plaintiff's claims are barred by the applicable statute of limitations and that plaintiff failed to state a claim against the defendants for which relief may be granted.

With respect to his amended complaint filed in this case, plaintiff argues that the Petition for Release of Escrowed Funds in state court should be considered a separate dispute between the parties, and, therefore, this court has subject-matter jurisdiction. In other words, plaintiff argues that this dispute does not implicate the Rooker-Feldman doctrine. Plaintiff's amended complaint seeks compensatory damages of $2,178,704.00 for his loss of real estate, which was the same amount held in the escrow account, plus legal interest.

### *Standard of Review*

The threshold issue is whether Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), divest the court of

subject-matter jurisdiction. The burden of establishing subject-matter jurisdiction in the district court lies with the party seeking to invoke the court's jurisdiction. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936); see Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If a Rule 12(b)(1) motion challenges the court's subject-matter jurisdiction based upon the sufficiency of the pleading's allegations, i.e., the movant presents a "facial" attack on the pleading, then those allegations are taken as true and construed in a light most favorable to the complainant. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (case dismissed upon facial attack on complaint, without consideration of extrinsic evidence); Cedars-Sinai Med. Center v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993); 2A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.07[2.-1], at 12-51 to 52 (1993).

If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, however, the movant is deemed to be challenging the factual basis for the court's subject-matter jurisdiction. See Watkins, 11 F.3d at 1583-84 (citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558-59 (9th Cir. 1987)); 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1363, at 456-57 (1990)). Under these circumstances, the allegations in the complaint are not controlling, KVOS, 299 U.S. at 277-79; Trentacosta, 813 F.2d at 1559; Thornhill Publishing Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); 5A WRIGHT & MILLER, supra, § 1363, at 457-58, and only uncontroverted factual allegations are accepted as true for purposes of the motion. See Gibbs v. Buck, 307 U.S. 66, 72 (1939); Watkins, 11 F.3d at 1583-84; 5A WRIGHT & MILLER, supra, §§ 1350, 1363, at 219-20, 457. All other facts underlying the controverted jurisdictional allegations are in dispute and are

subject to fact finding by the district court. Watkins, 11 F.3d at 1583-84; 2A MOORE ET AL., supra, ¶ 12.07 [2.-1], at 12-52; see generally Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990) (drawing distinction between facial and factual challenges to court's subject-matter jurisdiction); Mortensen v. First Fed. Savs. & Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir. 1977). In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony. Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Watkins, 11 F.3d at 1584; St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (court properly considered materials outside pleadings to determine whether plaintiff's claim was ripe), cert. denied, 493 U.S. 993 (1989); Reynolds, 846 F.2d at 747; Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 883-84, cert. denied, 479 U.S. 820 (1986).

With these principles in mind, the court concludes that the issues presented here raise a factual challenge to the court's subject-matter jurisdiction, requiring the court to review evidence extrinsic to the pleadings. The court will, therefore, consider the evidence presented in the chronology of events with supporting documents[2] (Civil Action No. 05-447, Doc. No. 41) filed by defendants in the prior case and will also consider the exhibits attached to defendants' brief in support of their motion to dismiss.

### *Discussion*

In the decision entered in the prior case this court reviewed the applicable case law relevant to the Rooker-Feldman doctrine, which provides that federal district courts lack subject-

---

[2] Plaintiff did not dispute the relevant facts which are described in the chronology and which were reviewed for purposes of the prior decision.

9

matter jurisdiction to review a final decision of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding. Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992) (citing, inter alia, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). As noted in the decision entered in the prior case, the doctrine encompasses final decisions of lower state courts as well. Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 177-78 (3d Cir. 1992). Familiarity with the decision and claims asserted in the prior case will be presumed. Here, plaintiff is making another attack on the prior state court holding albeit in the guise of arguing new evidence of a conspiracy and conflicts of interest between the state court trial judge and Horner and that a "new dispute" arose relating to the escrowed funds. He also argues he is seeking only monetary relief as opposed to also seeking equitable relief like in the prior case.

Plaintiff fails to establish that the "new" evidence presented in the instant case raises issues separate and distinct from those raised in the prior case. Although the funds in the escrow account were released after plaintiff's first action in this court, plaintiff is once again challenging the outcome of the litigation in the state courts relating to the decision to decree that his deed to the real estate in issue was null and void. Plaintiff, in essence, continues to claim he was the lawful owner of the real estate in issue and that his constitutional rights were violated when the deed to him was voided. The relief requested here can only be granted if his rights were violated by the state court's decision to void the deed of the real estate to him. The issues related to the voiding of the deed and the alleged improper conduct of the state trial court judge and defendant Horner were raised in the state court proceedings and in a petition for a writ of certiorari to the

10

United States Supreme Court and were discussed at length in the order dismissing the prior case for lack of subject-matter jurisdiction. There is no principled basis for distinguishing this case from the prior case. As defendants correctly note, plaintiff uses the release of the escrowed funds as further evidence that the state court and defendants deprived plaintiff of the real estate in issue. He is seeking the amount escrowed from the sale of that real estate.[3]

The relief requested by plaintiff would require this court to find that: (1) the state court's decision declaring void plaintiff's deed to the real estate in issue was wrong; (2) the appellate courts' decisions, likewise, were wrong; and (3) the denial of the petition for a writ of certiorari by the Supreme Court was wrong. If the court did not make those findings it could not grant the relief requested by plaintiff. To grant the relief requested, this court would need to find plaintiff's constitutional rights were violated by the voiding of the deed. Under these circumstances, the error should be corrected by the state courts. The United States Court of Appeals for the Third Circuit quoted with favor the following statement of the United States Court of Appeals for the Fifth Circuit: "Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours. . . ." Port Auth. Police Benevolent Ass'n, Inc., 973 F.2d at 176-77 (quoting Hale ve. Harney, 786 F.2d 688, 691 (5th Cir. 1986)). By reason of the final adjudication of the state courts and the constitutional claims of plaintiff having arisen in that matter and the denial by the Supreme Court of the petition for a writ of certiorari, this court lacks

---

[3]It is noteworthy that if plaintiff disagreed with the state court's decision to release the escrowed funds, he had the opportunity to appeal that decision to the Pennsylvania Superior Court. See 42 PA.CONS.STAT.ANN. § 742; DAVID C. CLEAVER, PENNSYLVANIA PROBATE AND ESTATE ADMINISTRATION § 18:14 (4th ed. 2006).

subject-matter jurisdiction over this case. FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996) ("'federal district courts lack subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding'. . . . We have interpreted the [Rooker-Feldman] doctrine to encompass final decisions of lower state courts.") (quoting Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992), with internal quotation marks and citations omitted).

For the foregoing reasons, the court concludes that the Rooker-Feldman doctrine is applicable to the case *sub judice* and that this court lacks subject-matter jurisdiction over plaintiff's federal claims. The court will, therefore, dismiss plaintiff's complaint. As a result of the court's determination regarding the application of the Rooker-Feldman doctrine, it is unnecessary to address other arguments of defendants because those issues are moot.

### *Conclusion*

ACCORDINGLY, this 18th day of January 2008, after consideration of the motions of the defendants to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), and the written submissions of the parties:

IT IS ORDERED that for the reasons set forth above and in the Memorandum Opinion dated September 22, 2006, entered in Civil Action Number 05-447 at docket number 45, the motion to dismiss filed by defendants to dismiss plaintiff's complaint for lack of subject-matter jurisdiction (Docket No. 25) shall be and hereby is GRANTED.

The clerk shall mark this case closed.

By the court:


/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge


cc: Counsel of Record